IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

  Plaintiff,

v.             Criminal Case No: 1:15CR79

BRIAN DIXON,

  Defendant.

## REPORT AND RECOMMENDATION REGARDING PLEA OF GUILTY IN FELONY CASE

  This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Brian Dixon, in person and by counsel, Deanna Pennington, appeared before me on September 21, 2015. The Government appeared by Sarah Montoro, its Assistant United States Attorney. The Court determined that Defendant would enter a plea of "Guilty" to Count Two of Indictment, charging him with distribution of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

  The Court proceeded with the Rule 11 proceeding by placing Defendant under oath.

  The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was and counsel for Defendant confirmed the same. The Court asked counsel for the Government to summarize the written plea agreement. The Government did so. Defendant stated that the agreement as summarized by counsel for the Government was the agreement he signed. The Court **ORDERED** the written plea agreement filed.

  The Court asked Defendant if he was a citizen of the United States. Defendant stated that he

was a citizen.  The undersigned asked Defendant whether he understood that if he was not a citizen of the United States, and pled guilty to the felony charge,  he would be subject to deportation at the conclusion of serving his sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it.  Defendant stated that he understood.

The Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge.  Defendant stated, in open court, that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea and issuing a Report and Recommendation.  Consistent therewith, Defendant tendered to the Court a written Waiver of Article III Judge and Consent to Enter Guilty Plea before the United States Magistrate Judge, which waiver and consent was signed by Defendant, countersigned by Defendant's counsel, and was concurred in by the signature of the Assistant United States Attorney.  The Court **ORDERED** the written waiver and consent filed.

The undersigned then reviewed with Defendant Count Two of Indictment, including the elements of the crime the United States would have to prove at trial.    The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Two of Indictment.  The undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilt on that charge was imprisonment for a term of not more than twenty (20 years) understood a fine of not more than $1,000,000.00 could be imposed; understood both fine and imprisonment could be imposed; and understood he would be subject to a period of at least three (3) years of supervised release.  Defendant further understood the Court would impose a special assessment of $100.00 for the felony

conviction payable before the date of sentencing and understood that the Court may require him to pay the costs of his incarceration and supervised release.

The undersigned Magistrate Judge reviewed with Defendant his waiver of appellate and collateral attack rights. Defendant understood that if he received a sentence that has an adjusted offense level of sixteen (16) or lower, before any reduction of acceptance of responsibility and the sentencing judge did not depart upward from that adjusted offense level, he was waiving his right to appeal his conviction and sentence to the Fourth Circuit Court of Appeals on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742. Defendant further understood that under his plea agreement, he was waiving his right to challenge his conviction and sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255. Defendant understood, however, that he was reserving the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct that he learned about after the plea hearing, and agreed that he was unaware of any ineffective assistance of counsel or prosecutorial misconduct in his case at this time. The undersigned Magistrate Judge determined that Defendant understood his appellate rights and collateral attack rights and knowingly gave up those rights pursuant to the conditions contained in the written plea agreement.

Defendant thereafter stated in open court that he understood the terms of the written plea agreement; it contained the whole of his agreement with the Government; and no promises or representations were made to him by the Government or his own counsel than those terms contained in the written plea agreement. Defendant stated he voluntarily executed the written plea agreement only after he fully reviewed it with his attorney and after he had a complete understanding of its terms and provisions. Defendant states it was his idea to sign the plea agreement. The undersigned

Magistrate Judge further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge specifically asked Defendant as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Two of Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in Count Two of Indictment and make a determination as to whether to accept or reject any recommendation or the stipulation contained within the plea agreement. The undersigned reiterated to the Defendant, and the Defendant stated he understood, that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, and Defendant stated he understood that, in the event the District Court Judge refused to follow the non-binding recommendations or stipulations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant acknowledged his understanding and maintained his desire to have his plea of guilty accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher

sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The Government presented the testimony of Mark Rogers, Bridgeport Police Department, to provide an independent basis in fact to support Defendant's proposed plea of guilty.

Defendant, Brian Dixon, in the presence of his counsel, Deanna Pennington, entered a verbal plea of **GUILTY** to the felony charge contained in Count Two of Indictment.

Defendant stated he heard, understood, and agreed with the Government's witness' testimony. From said testimony, the undersigned Magistrate Judge concludes the offense charged in Count Two of Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that: Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty, including the statutory maximum sentence; Defendant made a knowing and voluntary plea of guilty to Count Two of Indictment; and Defendant's plea is independently supported by the Government's witness' testimony, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant

has pled guilty.

The undersigned Magistrate Judge, therefore, recommends Defendant's plea of guilty to the charge contained in the Count Two of Indictment be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is remanded to the custody of the United States Marshal.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 21st day of September 2015.

*/s/ John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE